UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMERON GREEN,

        Plaintiff,                Case No. 1:11-cv-797

v.                                         Honorable Paul L. Maloney

UNKNOWN SCHLUMM et al.,

        Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Tameron Green, a prisoner incarcerated at Lakeland Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed because they were frivolous, malicious or failed to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999);

*Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because they were frivolous, malicious or failed to state a claim. *See Green v. Mich. Dep't of Corr.*, No. 1:10-cv-976 (W.D. Mich. Nov. 18, 2010); *Green v. Mich. Dep't of Corr.*, No. 1:09-cv-317 (W.D. Mich. July 8, 2009); *Green v. Martin*, No. 01-CV-74187-DT (E.D. Mich. Jan. 31, 2002). Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

Plaintiff sues several employees of the Lakeland Correctional Facility (LCF), including Resident Unit Manager (RUM) Schlumm. Plaintiff alleges that, on July 13, 2011, Plaintiff told Schlumm that Plaintiff would write a grievance against him if Schlumm "did not stop playing sex games." (Compl., docket #1, Page ID#4.) Schlumm became upset and "started to threaten [Plaintiff], saying what he would do to [Plaintiff,] to another officer name[d] Sisler, and 20 other prisoners." (*Id.*) Plaintiff pursued his grievance against Schlumm. The next day, Schlumm unexpectedly showed up at the law library while Plaintiff was there, "to let [Plaintiff] know he was there[.]" Plaintiff was disturbed by this and spoke with a sergeant, who spoke with Schlumm. When Plaintiff went to the officer's desk, he was met by Schlumm, who told him to get away from the desk because he is a "whiner." (*Id.*) Plaintiff responded that he was not there to talk to Schlumm, and Schlumm and another officer at the desk "raised up as if to attack" Plaintiff. (*Id.*) Plaintiff ran to the control center and spoke with another officer. Schlumm wrote a misconduct on Plaintiff, claiming that Plaintiff disobeyed an order to return to his unit. Plaintiff was found guilty of the misconduct.

In addition, on July 13, 2011, Officer Houtz asked what Plaintiff was going to do about the grievance against Schlumm. Plaintiff told Houtz that he was going to pursue it. Houtz later asked Plaintiff if he needed protection from Schlumm or Resident Unit Officer (RUO) Aker, against whom Plaintiff had also written a grievance. Plaintiff asked why he would need protection, and Houtz "just said okay" and let Plaintiff leave to return to his unit. (Compl., Page ID#5.) As he was returning to his unit, Schlumm, Aker, and RUO Thatcher were sitting at the officer's desk. Schlumm called Plaintiff to the desk and asked him why he had store items (i.e., packages of noodle soup) in the yard. Plaintiff asked if Schlumm wanted them. Schlumm responded "that is not what I asked you." (*Id.*) Plaintiff responded "you can have this soup man," put the soup on the desk and walked away. (*Id.*) Schlumm told Plaintiff to come back and get the soup. Schlumm asked "hold it, why did the fisherman throw his pole into the water?" (*Id.*) Plaintiff asked if he was joking. Schlumm said "if you want your soups you better answer my question." (*Id.*) Plaintiff told Schlumm that he did not have to answer a question "like that," picked up his soup and left for his cube. (*Id.*)

Schlumm, Aker, and Thatcher met Plaintiff at the entrance of the cube, ordered Plaintiff to turn around and place his hands behind his back. Plaintiff told them that they were not going to put handcuffs on him, then he walked past them and went to the control center. Plaintiff was then placed in "the hole (temporary segregation)." (Compl., Page ID#5.) He was charged with threatening behavior misconduct because he allegedly lunged at an officer. Plaintiff was found guilty of a lesser charge of insolence and disobeying a direct order and given a publishment of ten days of "toplock" and twenty-five days of loss of privileges. (*Id.* at Page ID#6.) Plaintiff alleges that he is "still being harrassed[sic] by these officers." (*Id.*)

Plaintiff's allegations are insufficient to satisfy the "serious physical injury" exception to the three-strikes rule.  The conduct complained of appears to amount to verbal harassment (some of which may have been sexual in nature) and intimidation.  There are, however, no allegations suggesting that Plaintiff is in imminent danger of *physical* injury, much less *serious* physical injury, as contemplated by the statute.  Indeed, when Plaintiff was asked by another officer whether he needed protection, Plaintiff could not identify a need for it.  Further, Plaintiff's allegations that Schlumm made unspecified threats or played "sexual games" are too vague to suggest that Defendants' harassment presents a risk of physical injury to Plaintiff.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00.  When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

An Order will be entered that is consistent with this Opinion.


Dated: August 26, 2011                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge